## LAKE VIEW SCHOOL DISTRICT NO. 25
of Phillips County, Arkansas, *et al. v.* Mike HUCKABEE,
Governor of the State of Arkansas, *et al.*

01-836                                              76 S.W.3d 250

Supreme Court of Arkansas
Opinion delivered May 30, 2002

*Don Trimble; Wilson & Valley,* by: *E. Dion Wilson;* and *Roy C. Llewellen,* for appellants.

*Mark Pryor,* Att'y Gen.; *Dennis R. Hansen,* Deputy Att'y Gen., by: *Brian G. Brooks,* Sr. Ass't Att'y Gen., and *Timothy G. Gauger,* Ass't Att'y Gen., for appellees.

P ER CURIAM. This is the third appeal from a class action brought by Appellant Lake View School District No. 25 of Phillips County, Arkansas, on behalf of the public school districts, against Appellees, the State of Arkansas and its officers. This case was begun in 1992, and its procedural history is recounted in *Lake View Sch. Dist. No. 25 v. Huckabee*, 340 Ark. 481, 10 S.W.3d 892 (2000). *See also Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996). On May 25, 2001, the Pulaski County Chancery Court, Second Division, entered an order declaring the State's system for funding public schools unconstitutional. The trial court did not mandate any particular remedy; however, it did require the State to take certain remedial actions. Additionally, the trial court ordered the State to pay in excess of $9,000,000 in attorneys' fees to the class's attorneys.

Both the State and Lake View have appealed the trial court's order. Lake View filed its notice of appeal prior to the time that the State filed its notice; hence, for purposes of this appeal, Lake View has been designated as the appellant. Accordingly, Lake View bears the burden of abstracting the record in this case, which is quite voluminous. The record on appeal was lodged on September 20, 2001, and a briefing schedule was established by this court. Lake View's brief and abstract initially were due on October 30, 2001. Due to the unusually large record in this case, Lake View was granted numerous extensions of time to prepare the brief and abstract in this case. On April 18, 2002, Lake View filed its joint abstract, addendum, and brief.

Since the time that this appeal was filed, this court has received many motions. The latest motions, one from the State and one from Lake View, were filed on May 1, 2002. To date, this court has ruled on each motion without issuing a formal opinion. Today, for purposes of clarifying what has occurred already and to avoid confusion and duplication in the future, we issue this *per curiam* opinion setting out the previous motions and rulings made over the past year. We will then address the two motions currently pending.

On July 30, 2001, the State filed a partial record with this court along with a motion to stay the trial court's order pending

resolution of this appeal. We granted the stay on September 6, 2001.

On September 26, 2001, the State filed a motion to clarify and amend the briefing schedule and to suspend the abstracting requirement. Because both parties had filed notices of appeal, the State asked to be designated as a co-appellant. The State asked that both it and Lake View be instructed to file simultaneous opening briefs, response briefs, and reply briefs. The State also asked this court to suspend its abstracting requirements for the more than 3,500 pages of recorded testimony in this case. We denied that motion on October 18, 2001.

On October 24, 2001, Lake View filed a motion for an extension of time to file its abstract and brief and for other relief. The "other relief" it sought was an enlargement of the number of pages allowed for its argument and permission to file two separate briefs, each containing twenty-five pages of argument, one on the substantive issues and one on the issue of attorney's fees. On November 15, 2001, we granted Lake View's motion, allowing for a total of fifty pages of argument.

From November 2001 to March 2002, Lake View filed four motions for additional time to file its abstract and brief. Due to the unusually large size of the record in this case, each of the four requests resulted in extensions from this court's clerk. In between those motions, on January 29, 2002, Lake View filed a motion to supplement the record on appeal. We granted that motion on February 14, 2002.

On April 2, 2002, Lake View filed a motion for modification of this court's requirements for the filing of the abstract and for the service of the abstract on the opposing parties. In that motion, Lake View also sought permission to file separate briefs, one on the substantive issues and one on the issue of attorney's fees. This latter motion was obviously a duplicate of the motion filed by Lake View on October 24, 2001, and granted by this court on November 15, 2001. On April 4, 2002, Lake View filed a motion to expedite the April 2 motion. On April 11, 2002, this court granted the motion to expedite, but denied the substantive motion; however, that part of the motion that had been granted

previously still stood. In other words, our denial of Lake View's April 4 motion did not alter the fact that we had previously granted Lake View permission to file two separate briefs in this case. Pursuant to our ruling, Lake View was given a final extension to file its abstract and brief by April 18, 2002. The State's brief was due thirty days afterwards.

On April 16, 2002, the State filed a motion to dismiss Lake View's appeal and for this court to then designate the State as the appellant and establish a new briefing schedule. The State filed a supplemental motion to dismiss one week later, on April 23, 2002. In its motions, the State contended that Lake View had failed to timely file its abstract and brief in this case, and that Lake View had violated this court's April 11 order by filing two separate briefs. The latter argument was likely based on the State's ignorance of our November 15, 2001, ruling that granted Lake View's request to file separate briefs. This ignorance was undoubtedly compounded by the fact that Lake View made the request on two separate occasions. We denied the State's motion to dismiss Lake View's appeal on May 16, 2002. Because we denied that motion, there was no reason for this court to designate the State as the appellant or to establish a new briefing schedule.

In addition to the foregoing motions made by the parties, beginning in October 2001 and continuing through May 2002, this court has addressed numerous motions for permission to file *amicus curiae* briefs in this appeal. We granted the motions filed by the Arkansas Policy Foundation; the Arkansas State Chamber of Commerce, Inc., and the Associated Industries of Arkansas, Inc.; the Arkansas Advocates for Children and Families; and the Arkansas Public Policy Panel, Inc., and the Rural School and Community Trust, Inc. We denied the motions filed by the City of Little Rock and H.G. Davis.

The two motions currently pending in this case are the State's motion for an extension of time to prepare a new abstract and Lake View's motion for sanctions, pursuant to Ark. R. App. P.—Civ. 11, and for summary dismissal of the State's appeal. We address Lake View's motion first, as it appears to be more of an extended response to the motions to dismiss filed earlier by the

State. Lake View contends that the State's motions to dismiss were unsupported by legal authority and frivolous. Lake View also contends, without alleging any particular facts, that the State's attorneys have given interviews to the media for the purpose of demeaning Lake View's attorneys' abilities to master the difficulties of this appeal. Lake View seeks both monetary sanctions, as well as the ultimate sanction, dismissal of the State's appeal.

We deny Lake View's motion. We do not view the State's prior motions to dismiss as frivolous, even though we ultimately denied them. We also decline Lake View's invitation to sanction the State for its attorneys giving allegedly defamatory interviews to the media. Lake View has submitted nothing in the way of support for this allegation, and it is not otherwise apparent that the motion is well taken.

Finally, we address the State's motion for additional time to prepare a new abstract in this case. The State contends that Lake View's abstract is deficient, inaccurate, and misleading, and is full of numerous typographical and grammatical errors. The State asserts the following primary deficiencies: (1) Numerous portions of the recorded testimony are completely omitted from the abstract; (2) some of the summarized testimony is seriously misstated or obfuscated; and (3) the recorded arguments of counsel and corresponding rulings from the court are omitted to such a degree that they cannot be understood. The State asserts that these deficiencies are so plentiful that merely providing this court with a supplemental abstract will not provide a reasonably accurate rendition of the record. The State therefore seeks an extension of thirty days to prepare and file a new abstract.

From our review of the abstract, we believe that the State's motion is well taken. We are particularly concerned with the third type of deficiency, namely that the arguments of counsel and the trial court's rulings are frequently so scantily abstracted that it is unclear what transpired. For example, there are numerous places in the abstract setting out objections made during a witness's testimony and the resulting rulings from the court. In some of those instances, information that is necessary to an understanding of the motions and rulings has been omitted. Instead, the

abstract reflects only that a brief objection is made, followed by a brief ruling, and then followed by another objection by the same party. In some of these exchanges, it is apparent that intervening testimony, occurring over several pages of record, has been omitted. Such omissions will undoubtedly impair our ability to review this case.

■ We thus grant the State's motion to prepare a new abstract in this case. Both sides have gone to great lengths to emphasize to us the significance of this case to the citizens of this state. It is therefore crucial that we have an abstract that clearly reflects the testimony of the witnesses, the arguments of counsel, and the rulings by the trial court. Accordingly, we direct the State to prepare a new abstract in this appeal. We further direct that the State file its abstract and brief on or before July 1, 2002. Like Lake View, the State will be allowed a total of fifty pages of argument.

■ Lastly, we review the State's request to be allowed the opportunity to respond to any briefs filed by those school districts who were allowed to intervene below and who opposed the State's position. We agree that the State should be allowed to respond to any arguments by intervenors that are in opposition to those arguments made by the State in its appeal. Accordingly, we will allow the State to file one brief in response to any and all of the intervenors' briefs.

In order to avoid any confusion, we establish the following briefing schedule. Lake View must file its reply brief on or before July 16, 2002. Similarly, any intervenors (those school districts who were allowed to intervene below) who wish to file a brief in this matter must do so on or before July 16, 2002. Thereafter, both Lake View and the State will have until July 31, 2002, to file one brief each, not to exceed twenty-five pages, in response to the briefs filed by the intervenors. No motions to extend any of these time periods will be granted absent unavoidable casualty.

Motion for extension of time to prepare a new abstract and for other relief granted; motion for sanctions and for summary dismissal denied.

IMBER, J., not participating.