LAKE VIEW SCHOOL DISTRICT NO. 25
of Phillips County, Arkansas, *et al. v.*
Governor Mike HUCKABEE; Senator Mike Beebe,
President.Pro Tempore of the Senate;
Representative Shane Broadway, Speaker of the House;
State Auditor Gus Wingfield; State Treasurer Jimmie Lou Fisher;
Director of the Arkansas Department of Education
Raymond Simon; Arkansas State Board of Education Members
Luke Gordy, William Fisher, Jonell Caldwell, Anita Yates,
Lewis Thompson, Claiborne Deming, Richard Smith,
Betty Pickett, Robert Hackler, and Shelby Hillman;
and Director of the Arkansas Department of
Finance and Administration Richard Barclay

01-836                                                94 S.W.3d 340

Supreme Court of Arkansas
Opinion delivered December 19, 2002

E. *Dion Wilson*; *Don Trimble*; and *Lewellen & Associates*, for appellant class; and *Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre*, special attorney for appellant class.

*Mark Pryor*, Att'y Gen., by: *Dennis R. Hansen*, Deputy Att'y Gen.; *Brian G. Brooks*, Sr. Ass't Att'y Gen.; and *Timothy G. Gauger*, Ass't Att'y Gen., for State appellees.

P ER CURIAM. The appellees, collectively referred to as the State, have filed a motion for award of costs pursuant to Ark. R. Sup. Ct. 4-2(b)(1), against the appellant, Lake View and its counsel. Lake View did not file a response to the motion. The basis for the State's motion is Ark. Sup. Ct. R. 4-2(b)(1) which provides:

> If the appellee considers the appellant's abstract or Addendum to be defective, the appellee's brief should call the deficiencies to the Court's attention and may, at the appellee's option, contain a supplemental abstract or Addendum. When the case is considered on its merits, the Court may upon motion impose or withhold costs, including attorney fees, to compensate either party for the other party's noncompliance with this Rule. In seeking an award of costs under this paragraph, counsel must submit a statement showing the cost of the supplemental abstract or Addendum and a certificate of counsel showing the amount of time that was devoted to the preparation of the supplemental abstract or Addendum.

The State asserts it is entitled to an award of $17,932.73 for the costs it incurred in preparing a new abstract and addendum and notes that the figure includes the costs of photocopying the supplemental abstract and addendum and the costs of secretarial overtime incurred in its preparation.

In this instance, the State first called the deficiencies in Lake View's abstract to this court's attention by way of its motion for an extension of time to prepare a new abstract filed on May 1, 2002. The State's sole allegation was that Lake View's abstract was deficient, inaccurate, misleading, and full of typographical and grammatical errors. In our *per curiam* of May 30, 2002, we found the motion to be well-taken and granted it. *See Lake View Sch.*

*Dist. No. 25 v. Huckabee,* 349 Ark. 116, 76 S.W.3d 250 (2002) (*per curiam*). We directed the State to prepare a new abstract. *See id.* At no point, however, did this court address the matter of a deficient addendum; nor did we direct the State to prepare a new one. *See id.* Accordingly, we deny the State's motion for costs at this time. Because the State's certificate of counsel setting forth the costs incurred does not distinguish between the State's expenses in preparing a new abstract and those incurred in the preparation of a new addendum, we direct the State to submit an amended statement showing the costs of the supplemental abstract and a certificate of counsel showing the amount of time devoted to the preparation thereof, in accordance with our rule. Upon the filing of a new motion for costs pertaining only to preparation of the abstract, we will reconsider the matter.

Motion denied.

IMBER, J., not participating.

Special Justice CAROL DALBY joins.